UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CHRISTOPHER CHINLOY,

                       Plaintiff,

                       **MEMORANDUM & ORDER**
      v.                      14-CV-350 (MKB)

NORMAN SEABROOK,
                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Christopher Chinloy, currently incarcerated at Anna M. Kross Center on Rikers Island, commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his "fundamental right to swift justice" and the Universal Declaration of Human Rights, in addition to humiliation, discrimination, abuse of power and emotional and mental distress. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, Plaintiff is granted thirty (30) days leave from the date of this Memorandum and Order to file an amended complaint.

**I. Background**

According to the Complaint, on November 18, 2013, Plaintiff had a court appearance but was never transported to court. (Compl. 8.) Defendant Norman Seabrook, President of the New York City Correction Officers' Benevolent Association, was responsible for halting buses meant to transport inmates to court appearances on November 18, 2013. (*Id.*) Seabrook and other officers did so to prevent a particular inmate from testifying against a correction officer in a matter unrelated to Plaintiff's action. (*Id.*) Plaintiff requests that Seabrook be discharged from his position and seeks a total of $33,000,000 in damages. (*Id.* at 10.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### b. Failure to Allege State Action

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and

2

(2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). The actions of a private entity may be deemed state action only if "there is a sufficiently close nexus between the State and the challenged action of the . . . entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* at 52 (citation and internal quotation marks omitted); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (same). "Whether such a 'close nexus' exists . . . depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [action] must in law be deemed to be that of the State." *Sullivan*, 526 U.S. at 52 (citation and internal quotation marks omitted).

Here, Plaintiff has not alleged that Seabrook is a state actor nor has Plaintiff alleged any facts that show a close-nexus between Seabrook and the State such that the Court can reasonably infer that Seabrook acted under color of state law. *See Durant v. Union Local 237*, No. 12-CV-1166, 2013 WL 1232555, at *9 (E.D.N.Y. Mar. 4, 2013) ("Labor unions are generally not state actors."), *report and recommendation adopted*, 2013 WL 1247520 (E.D.N.Y. Mar. 26, 2013); *Boyle v. DeWolf*, No. 13-CV-104, 2013 WL 1751145, at *5 (N.D.N.Y. Feb. 4, 2013) ("To the extent that plaintiff is attempting to name [New York State United Teachers] itself, the union is not a state actor, regardless of whether the union represents public employees."), *report and recommendation adopted*, 2013 WL 1749933 (N.D.N.Y. Apr. 23, 2013). Therefore, Plaintiff has failed to allege sufficient facts to show that he suffered a constitutional violation by a person

acting under color of state law.

### c. Failure to Allege a Constitutional Violation

#### i. Fundamental Right to Swift Justice

Liberally construed, the Complaint asserts a claim for denial of access to the courts. It is well established that prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bourdon v. Loughren,* 386 F.3d 88, 92–93 (2d Cir. 2004). To survive a motion to dismiss, a plaintiff must show actual injury, that is, that the defendant "took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim[.]'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis*, 518 U.S. at 343). Here, Plaintiff has failed to articulate any cognizable injury that he suffered as a result of not being taken to court on the date in question. Plaintiff only alleges that he suffered "emotional and mental distress." (Compl. 10.) Such emotional distress is insufficient to state a claim for denial of access to the courts. *See Monsky*, 127 F.3d at 247 ("emotional distress and humiliation . . . might be consequential damages components of a section 1983 claim in which actual injury to court access was sufficiently alleged, they are not the type of actual injury that gives rise to a constitutional claim of denial of access to the courts"). Although failing to take Plaintiff to his court appearance did deny Plaintiff access to the courts in a very literal way, to rise to the level of a constitutional violation Plaintiff must allege facts that show that his missed court appearance actually hindered his pursuit of a legal claim or resulted in some form of actual harm. *See Dotson v. Farrugia*, No. 11-CV-1126, 2012 WL 996997, at *6 (S.D.N.Y. Mar. 26, 2012) (dismissing an access to court claim where plaintiff alleged a missed housing court date yet did not provide "any information about the underlying claim at housing court" or allege that the

underlying relief was denied to him); *see also Amaker v. Hakes*, 919 F. Supp. 127, 130 (W.D.N.Y. 1996) ("In order to state a valid § 1983 claim on this ground, the inmate must allege facts tending to show that the alleged deprivation actually interfered with his or her access to the courts, or prejudiced an existing action."); *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) ("A delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.").

### ii. Discrimination

Plaintiff's reference to Seabrook's "discriminating" behavior invokes the Equal Protection Clause of the Fourteenth Amendment. (Compl. 10.) Absent membership in a protected class, such as race, gender or national origin, a plaintiff may proceed as a "class of one." *See Fortress Bible Church v. Feiner*, 694 F.3d 208, 222 (2d Cir. 2012) ("The Supreme Court recognized an Equal Protection claim 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000))); *cf. Lee v. Governor of State of New York*, 87 F.3d 55, 60 (2d Cir. 1996) ("[P]risoners either in the aggregate or specified by offense are not a suspect class . . . ."). "To state a 'class-of-one' equal protection claim 'the plaintiff [must] allege[ ] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, --- F. App'x ---, ---, 2014 WL 321943, at *2 (2d Cir. Jan. 30, 2014) (alterations in original) (quoting *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001)). "[A] class-of-one claim requires a plaintiff to show an extremely high degree of similarity between itself and its comparators." *Fortress Bible Church*, 694 F.3d at 222 (quoting *Ruston v. Town Bd. for Skaneateles*, 610 F.3d

5

55, 59–60 (2d Cir. 2010); *see also JWJ Indus., Inc. v. Oswego Cnty.*, 538 F. App'x 11, 14 (2d Cir. 2013) (same) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). A plaintiff must show that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Fortress Bible Church*, 694 F.3d at 222 (quoting *Ruston*, 610 F.3d at 60). Plaintiff has not identified any similarly situated individuals, let alone any individuals with the requisite degree of similarity, to establish a plausible equal protection claim.

### iii. Substantive Due Process

Plaintiff's allegation that Seabrook acted intentionally and maliciously, (Compl. 9), combined with allegations that Plaintiff suffered humiliation and emotional and mental distress, present the broad strokes of a substantive due process claim, (*id.* at 10). However, a plaintiff may not proceed with a substantive due process claim "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, [as] that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 272–73 (1994); *see also Monko v. Cusack*, No. 11-CV-1218, 2013 WL 5441724, at *3 (N.D.N.Y. Sept. 27, 2013) (dismissing a substantive due process claim for its overlap with the plaintiff's procedural due process and retaliation claims); *Rother v. NYS Dept. of Corr. and Cmty. Supervision*, No. 12-CV-0397, 2013 WL 4774484, at * 14 (N.D.N.Y. Sept.4, 2013) ("Plaintiff's substantive-due-process claim overlaps entirely with her procedural-due-process claim — they both seek to remedy the same harm and challenge the same conduct . . . . Moreover, the harm

6

and conduct challenged by the substantive-due-process, First Amendment, and equal-protection claims significantly overlap. Because the claim for substantive due process is subsumed by Plaintiff's other constitutional claims, it must be dismissed."); *Velez v. Levy*, 274 F. Supp. 2d 444, 454 (S.D.N.Y. 2003) ("[T]o the extent that the plaintiff's substantive due process claim is based on the same allegations that give rise to the plaintiff's Fourteenth Amendment procedural due process claims, the underlying allegations must be analyzed under the relevant standards for a procedural due process claim . . . rather than standards that govern a claim for substantive due process."), *aff'd in part*, 401 F.3d 75 (2d Cir. 2005). Here, Plaintiff's access to courts claim is rooted in the First Amendment. *See Cancel v. Amakwe*, --- F. App'x ---, ---, 2013 WL 6800558, at *2 (2d Cir. Dec. 26, 2013) (recognizing that the First Amendment provides the basis for a denial of access to the courts claim). Consequently, the First Amendment — which is the constitutional basis of Plaintiff's access to the courts claim — rather than the substantive component of the Due Process Clause likely provides the proper guide for assessing Plaintiff's claim.

### iv. Universal Declaration of Human Rights

Plaintiff alleges that Seabrook violated Articles 1, 2, 5, 7 and 8 of the Universal Declaration of Human Rights. (Compl. 10.) Despite the "moral authority" of this document, it does not "impose obligations as a matter of international law" nor does it provide a basis for Plaintiff's § 1983 claim. *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004); *see also United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action."); *Huynh Thi Anh v. Levi*, 586 F.2d 625, 629 (6th Cir. 1978) ("[I]t does not appear that the Geneva Convention or the Declaration of Rights are in fact treaties in force in the United States."); *Medina v. Pataki*,

7

No. 06-CV-346, 2007 WL 1593029, at *8–9 (N.D.N.Y. Mar. 26, 2007) (finding that the Universal Declaration of Human Rights cannot form the basis of a § 1983 claim because it was not ratified by the U.S. Senate and does not create a private right of action), *report and recommendation rejected on other grounds*, 2007 WL 1577755 (N.D.N.Y. May 31, 2007) (accepting the plaintiff's voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure); *Lacey v. Calabrese*, No. 05-CV-2040, 2005 WL 1285702, at *3 (E.D.N.Y. May 26, 2005) ("The Universal Declaration is a non-binding resolution of the United Nations General Assembly that does not create rights pursuant to which Plaintiff can assert a claim."). Plaintiff's claims based on any violations of the Universal Declaration of Human Rights are dismissed for failure to state a claim.

### v. Constitutional Violations of Others

Plaintiff alleges that Seabrook's actions caused Plaintiff's family to suffer emotional and mental abuse. (Compl. 10.) Specifically, Plaintiff alleges that his mother and father suffered distress as they had to take the day off work, did not know why Plaintiff did not show up to his court appearance and could not communicate with Plaintiff. (*Id.*) Plaintiff, as a layperson, lacks the ability to bring claims on behalf of his family members. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."); *KLA v. Windham Se. Supervisory Union*, 348 F. App'x 604, 605–06 (2d Cir. 2009) ("Although litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit unlicensed laymen to represent anyone other than themselves." (citation and internal quotation marks omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause . . . . For example, a lay person may not

represent a corporation or a partnership or appear on behalf of his or her own minor child."); *Johnson v. Fischer*, No. 13-CV-0348, 2013 WL 6816608, at *3 (N.D.N.Y. Dec. 20, 2013) (noting that a plaintiff could not bring suit on her father's behalf); *Barrett v. United States*, 622 F. Supp. 574 (S.D.N.Y. 1985) ("[S]ection 1983 civil rights action is a personal suit and may not be brought by a relative, even the parents . . . or spouse or children of the individual whose civil rights were violated." (citations and internal quotation marks omitted)). Therefore, any and all claims brought on behalf of others are dismissed with prejudice.

### III. Conclusion

Plaintiff is granted leave to amend the Complaint to replead his claims against Seabrook and other individuals Plaintiff can factually show violated his constitutional rights while acting under the color of state law. The amended complaint must be filed within thirty (30) days of the date of this Memorandum and Order. Plaintiff is advised that any amended complaint he files will completely replace the original Complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within thirty (30) days, the Court shall dismiss this Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED:

　　　s/ MKB　　　　　
MARGO K. BRODIE
United States District Judge

Dated: April 3, 2014
　　　　Brooklyn, New York